Michael N. Cohen (Cal. Bar. No. 225348)
*mcohen@cohenip.com*
COHEN IP LAW GROUP PC
9025 Wilshire Blvd., Suite 301
Beverly Hills, California 90211
Tel: 310-288-4500

Attorneys for Plaintiff:
Fiesta Bomb LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIESTA BOMB LLC, a California limited liability company,<br><br>   Plaintiff,<br><br>vs.<br><br>JESUS DIAZ, an individual; and DOES 1-10, inclusive<br><br>   Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. **Trademark Infringement 15 U.S.C § 1125(a)**<br>2. **Federal Copyright Infringement**<br>3. **17 U.S.C § 512(f) Misrepresentation**<br>4. **Declaration of Trademark Invalidity and Non-Infringement**<br>5. **Tortious Interference with Existing and Prospective Advantage**<br>6. **Section 17200 Unfair Competition**<br><br>**JURY TRIAL DEMANDED** |

PLAINTIFF FIESTA BOMB LLC ("Plaintiff") hereby files this Complaint against Defendant JESUS DIAZ, an individual ("Diaz"), and Does 1 to 10 (collectively, "Defendants"), and alleges as follows:

## **FACTUAL BACKGROUND**

1. This is an action for trademark and copyright infringement,

misrepresentation and fraud, declaratory relief, tortious interference and unfair competition arising from defendant.  Defendant's willful infringement of Plaintiff's Fiesta Bomb's trademark and copyright, as well as its continued efforts to trade on Plantiff's reputation and goodwill. Defendants' misconduct is likely to cause confusion and has caused Plaintiff substantial harm.

2. Specifically, Plaintiff sells a birria seasoning which is branded and trademarked as "Fiesta Bomb". The product predominately sells on the Amazon.com platform, and prominently displays the word mark "Fiesta Bomb" as well as the logo of a bomb as can be seen below:



3. Plaintiff has used its Fiesta Bomb word mark and bomb logo (collectively the "Fiesta Bomb Marks") in commerce as early as July 15, 2024.

4. After Plaintiff's first use in commerce, and initial success, Defendant Diaz, fraudulently filed a trademark application for "Fiesta Bomb" Serial Number 98696516 (the "'516 application"), in IC 030 for spices, spice balls, and seasoning balls, on August 13, 2024, with the United States Patent and Trademark Office.

5. Brazenly, Diaz cut and pasted the same exact image above belonging to Plaintiff, to be used as the specimen of use with the trademark application in violation of the required declaration of penalty of perjury.

6. Shortly thereafter in September of 2024, Defendant filed a false takedown with Amazon.com, allege a trademark violation of packing, citing its pending '516 application, in an effort to take down Plaintiff's listing under ASIN: B0D9J1GQWL.

7. Defendant in bad faith confused Amazon into believing that Defendant was the original and rightful owner of the Fiesta Bomb product and Marks, when it was in fact not.

8. Amazon shortly did take down Plaintiff's listing, requiring the restoration only if a complaint is filed. As a result Amazon deactivated Plaintiff's account, preventing Plaintiff from selling its own Fiesta Bomb product on Amazon. Plaintiff was left with no other choice but to file this Complaint.

## **PARTIES**

9. Plaintiff, Fiesta Bomb LLC, is a limited liability company with its principal place of business located in Sacramento, California.

10. Plaintiff is informed and believes, and on that basis alleges, that Defendant Jesus Diaz is now, and at all times relevant herein was, an individual, over the age of eighteen, residing at 4128 152nd Ave SE, Bellevue, Seattle, Washington.

11. On information and belief, defendant registered for and controlled an Amazon Brand Registry account for the trademark Fiesta Bomb; does business under the name Fiesta Bomb; and is an individual or entity who operated, controlled, and/or was responsible for a selling account.

## **JURISDICTION AND VENUE**

12. This Compliant arises under the federal trademark laws of the United States and subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338,

2201, and 2202. This Court also has jurisdiction under 28 U.S.C. § 1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over the state court claims asserted herein pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims alleged herein occurred and are likely to continue to occur in this district.

## COUNT ONE
## Trademark Infringement 15 U.S.C § 1125(a)

14. Plaintiff reallege and incorporate by reference all allegations contained in this Complaint above as though fully set forth herein.

15. Defendant's unlawful copying and use of the FIESTA BOMB Marks in connection with its products and trade name constitute false and misleading designations of origin and false and misleading representations of facts, which:

    A. Are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Plaintiff; and/or

    B. Misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

16. Defendant's misconduct in violation of 15 U.S.C. § 1125(a) has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to Plaintiff's business, reputation, and goodwill for which it is without an adequate remedy at law.

17. As a direct and proximate result of Defendants' intentional and willful

violation of 15 U.S.C. § 1125(a), Plaintiff has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorney's fees and costs pursuant to 15 U.S.C. § 1125(c)(2), and to disgorgement of Defendants' unlawful gains and profits.

## COUNT TWO
## COPYRIGHT INFRINGEMENT 17 U.S.C. § 501

18. Plaintiff reallege and incorporate by reference all allegations contained in this Complaint above as though fully set forth herein.

19. Plaintiff owns the original artwork as used on the packaging of the Fiesta Bomb products ("Subject Artwork") which have been registered with the United States Copyright Office on September 5, 2024 under Registration VA0002412443.

20. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Artwork, Defendant them used the Subject Artwork without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to fraudulently using the identical image to file a trademark with the United States Patent and Trademark Office, and to file fraudulent take down requests with Amazon.com.

21. Plaintiff is informed and believes and thereon alleges that Defendant, and had access to the Subject Artwork, including, without limitation, through Plaintiff's website and Amazon.

22. Plaintiff is informed and believes and thereon alleges that Defendant used and distributed images of the Subject Artwork, and exploited said image in multiple website posts without Plaintiff's authorization or consent.

23. Due to Defendant's acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

24. Due to Defendant's, and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Artwork in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendant, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were and continue to be, willful, intentional and malicious.

## COUNT THREE
### 17 U.S.C § 512(f) Misrepresentation

26. Plaintiff reallege and incorporate by reference all allegations contained in this Complaint above as though fully set forth herein.

27. Section 512(f) of the Copyright Act provides that "[a]ny person who knowingly materially misrepresents under this section . . . that material or activity is infringing . . . shall be liable for any damages, including costs and attorneys' fees, incurred . . . by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing . . . ." 17 U.S.C. § 512(f).

28. Defendant submitted false takedown requests to Amazon through Amazon's "Report a Violation" tool, improperly seeking removal of materials from product listings in the Amazon Store. Defendant's notifications to Amazon

falsely represented those trademarks and images appearing in product listings in the Amazon Store infringed on Defendants' purported trademark and/or copyrights.

29. Defendant knew that these representations were false. At the time they submitted the fraudulent takedown notices to Amazon, Defendant could not have reasonably believed that they held any copyright or other intellectual property interest in the works asserted. Yet Defendant still raised these false claims with the intent to induce Amazon's reliance and to have Amazon act upon them, consistent with the notice-and-takedown procedures set forth in the DMCA and Amazon's policies.

30. In reliance on the misrepresentations in Defendants' takedown requests, and to act expeditiously to protect what it believed at the time to be legitimate rights, Amazon removed full listings, or content from listings, impacting Plaintiff listings and the removal of it in the Amazon Store.

31. By submitting takedown notifications in violation of 17 U.S.C. § 512(f), Defendants willfully, knowingly, and materially misrepresented, that Plaintiff's listings were infringing on their intellectual property.

32. As a result of Defendant's false takedown request, Plaintiff suffered economic harm and expended significant resources to investigate and address Defendants' wrongdoing. Accordingly, Plaintiff seeks its attorneys' fees and damages, under 17 U.S.C. §512(f), in an amount to be determined at trial.

## COUNT FOUR
### Fraud

33. Plaintiff reallege and incorporate by reference all allegations contained in this Complaint above as though fully set forth herein.

34. Defendant knowingly misrepresented information regarding existing material facts to induce Amazon to take down content from product listings in the Amazon Store.

35. Defendant knew that its representations were false at the time it submitted the fraudulent takedown notifications using the "Report a Violation" tool through Amazon Brand Registry.

36. Specifically, Defendant was not in fact acting as an owner or agent of the holder of any legitimate intellectual property rights and did not have the authority to submit takedown notifications using the "Report a Violation" tool. Amazon did not know of the falsity of the misrepresentations and reasonably relied on Defendant's false representations to its detriment.

37. Amazon had a right to rely on Defendant's representations in the submission of the takedown notifications, especially given the "Report a Violation" tool's consent form requiring such representations to be true under penalty of perjury. Defendant exploited Amazon's obligation to act expeditiously on notifications of claimed infringement within Amazon's policy and containing the elements called for by the DMCA, to comply with the DMCA's eligibility conditions for safe harbor. At the time they submitted the fraudulent takedown notifications to Amazon, Defendant could not have reasonably believed that they held any copyright or other intellectual property interest in the works asserted. Yet Defendant still raised these false claims with the intent to induce Amazon's reliance and to have Amazon act upon them, consistent with the notice-and-takedown procedures set forth in the DMCA and Amazon's policies.

38. As a result of its reliance on Defendant's intentional misrepresentations, Amazon suffered economic harm in an amount to be proven at trial

## COUNT FIVE

## Declaration of Trademark Invalidity and Non-Infringement

39. Plaintiff reallege and incorporate by reference all allegations contained in this Complaint above as though fully set forth herein.

40. The dispute between Plaintiff and Defendant concerns ownership of the FIESTA BOMB mark. Center in this dispute is Plaintiff's rightful trademark rights and Defendant fraudulent trademark application.

41. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties. Plaintiff contends it is the rightful owner of the FIESTA BOMB mark, and Defendant simply usurped Plaintiff's trademark and attempts to pass it off as their own. Plaintiff is informed and believes, and on that basis alleges, that Defendant contends its trademark application is valid.

42. Plaintiffs desire a judicial determination of their rights and duties and a declaration that the Defendant's trademark application is *Void Ab Initio*; a declaration as to the ownership of the Trademark and whether Defendant's use constitutes violation of Plaintiffs' proprietary rights. Plaintiffs also desire injunctive relief against defendant. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties in respect to the ownership of the Trademark.

## COUNT SIX

## Tortious Interference with Contractual Relationship

43. Plaintiff reallege and incorporate by reference all allegations contained in this Complaint above as though fully set forth herein.

44. Plaintiff operates a product store on the e-commerce marketplace platform Amazon, where it sells FIESTA BOMB product.

45. Defendants knew that Plaintiff sold Fiesta Bombs products on this platform.

46. Defendants maliciously disrupted Plaintiff's business by filing complaints against Plaintiff's product listings, alleging trademark infringement.

47. Defendants were well aware that they held and hold no granted United States rights. Defendants' complaints were baseless and intended solely to disrupt Plaintiff's online business.

48. As a result of Defendants' frivolous complaints, Plaintiff's product listings were removed from Amazon.

49. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered harm and losses as described herein and in amounts to be proved at trial.

## COUNT SEVEN
## Section 17200 Unfair Competition

50. Plaintiff reallege and incorporate by reference all allegations contained in this Complaint above as though fully set forth herein.

51. Defendant's misrepresentations to Amazon that the Plaintiff's products infringe Defendant's alleged trademark constitute unlawful, unfair, and/or fraudulent business acts or practices under Cal. Bus. & Prof. Code 17200. et seq.

52. Defendant's acts of unlawful, unfair, and/or fraudulent competition have caused harm to competition, consumers, and competitors.

53. Defendant's acts of unlawful, unfair, and/or fraudulent competition have proximately caused Plaintiff to suffer and to continue to suffer injury in fact and loss of money and/or property (including expenses that Plaintiff has incurred,

and continues to incur, in its efforts to prevent and deter Defendant from engaging in such unlawful conduct) in an amount to be proven at trial.

54. Defendant's acts of unlawful, unfair, and/or fraudulent competition also have caused irreparable and incalculable injury to Plaintiff, to the Plaintiff Products, to the business and goodwill represented thereby, and, unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

55. Defendant's acts of unlawful, unfair, and/or fraudulent competition have caused the Defendant to be unjustly enriched.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1. A preliminary and permanent injunction enjoining Defendant, its members, officers, principals, shareholders, agents, servants, employees, attorneys, successors and assigns, distributors, retailers and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement and/or dilution of the FIESTA BOMB Marks and from any further acts of unfair competition.

2. Entry of an order declaring that Plaintiff's products do not infringe and have not infringed any valid and enforceable United States patent;

3. Entry of an order (on a preliminary and permanent basis) requiring that Defendant and their officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be enjoined and restrained from:

   a. Disrupting Plaintiff's business, including by filing takedown

claims with any e-commerce platform, such as Amazon; and

    b. Unfairly competing with Plaintiff in any manner whatsoever or causing injury to the business reputation of Plaintiff;

4. An accounting against Defendant, and an award of monetary relief to Plaintiff in an amount to be fixed by the Court in its discretion, including:

    a. All damages sustained by Plaintiff as a result of Defendant's acts of interference with prospective economic relations and for an accounting to Plaintiff for any and all profits derived by Defendant from the unlawful acts complained of herein, and for disgorgement of those profits; and

5. Entry of an order declaring this case "exceptional" under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

6. Award Plaintiff its damages in connection with this action;

7. Award Plaintiff pre-judgment and post-judgment interest on the damages caused to them; and

8. Grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 22, 2024                   Respectfully submitted,

                                        **COHEN IP LAW GROUP, PC**

                                        By: */s/* Michael N. Cohen

                                             MICHAEL N. COHEN

                                             Attorneys for Plaintiff Fiesta Bomb LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff, through their attorneys of record, hereby demand trial by Jury.

Dated:   October 22, 2024             Respectfully submitted,

**COHEN IP LAW GROUP, PC**


By:  */s/* Michael N. Cohen

MICHAEL N. COHEN

Attorneys for Plaintiff Fiesta Bomb LLC

## VERIFICATION

I, Gabriel Morse, declare as follows:

1. I am a Managing Member for Plaintiff Fiesta Bomb, LLC ("Fiesta Bomb"). I have reviewed the foregoing Verified Complaint and verify that the statements made therein are true and correct to the best of my knowledge, information, and belief.

2. I have personal knowledge of Fiesta Bomb, Fiesta Bomb's activities, Fiesta Bomb's copyright and trademark rights, and Fiesta Bomb's interactions with Defendants, including those set forth out in the foregoing Verified Complaint, and if called to testify, I would testify as to the matters stated therein.

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing factual statements in the Verified Complaint about Fiesta Bomb, Fiesta Bomb's activities, Fiesta Bomb's copyright and trademark rights, and Fiesta Bomb's interactions with Defendants are true and correct factual statements.

Executed on October 22, 2024 in Los Angeles, California.

*/s/ Gabriel Morse/*

Gabriel Morse, Managing Member